UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Raymond Ellis Brown,<br>Brenda Kay Brown,<br><br>            DEBTOR(S)<br><br>Address:<br>2281 Red Doe Road, Florence SC  29506<br><br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any):<br>3966,03731<br>_____ | CASE NO: 17-03264-dd<br><br>CHAPTER 13<br><br><br><br>MOTION TO MODIFY PLAN AFTER CONFIRMATION<br>AND OPPORTUNITY FOR HEARING |

    The Court has confirmed a chapter 13 plan in this case. The debtor moves, pursuant to 11 U.S.C. § 1329(a), and Fed. R. Bankr. P. 3015(h), to modify the confirmed plan as follows:

Paragraph 2.1 is modified to decrease the plan payment to 0 for months 17, 18, and 19, and increase the plan pmt to $1026 for months 20 through 60.  Paragraph 8.1 is modified to include language addressing the post-petition mortgage arrearage due to months 17 through 19. A copy of the plan with these modifications included is attached.

    TAKE NOTICE that any response, return, and/or objection to this motion should be filed with the Court no later than seven (7) days prior to the hearing date set forth below and a copy simultaneously served on the debtor, trustee, and any other affected party.

    TAKE FURTHER NOTICE that no hearing will be held on this motion, except at the direction of the judge, unless a response, return, and/or objection is timely filed and served, in which case the Court will conduct a hearing on January 28, at 10:30 a.m., at the J. Bratton Davis U.S. Bankruptcy Courthouse, 1100 Laurel Street, Columbia SC 29201-2423. No further notice of this hearing will be given.

| | |
|---|---|
| Date: December 18, 2018 | /s/ David C. Gaffney<br>David C. Gaffney<br>PO Box 3966<br>West Columbia SC  29171-3966<br>Attorney for the Debtor, District Court ID 10112<br>david@gaffneylawfirm.com |

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Raymond Ellis Brown, III** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | **Brenda Kay Brown** | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | **17-03264** | |
| (If known) | | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☑ Post-confirmation modification Paragraph 2.1 is modified to decrease the plan pmt to 0 for months 17, 18, and 19 and increase the plan pmt to $1026 for months 20 through 60. Paragraph 8.1 is modified to include language addressing the post-petition mortgage arrearage due for months 17 through 19.

# District of South Carolina
## Chapter 13 Plan

12/17

### Part 1:    Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

### Part 2:    Plan Payments and Length of Plan

**2.1**   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$735.00**  per **Month** for **5** months
**$900.00**  per **Month** for **11** months
**$0.00**  per **Month** for **3** months

| Debtor | Raymond Ellis Brown, III  Brenda Kay Brown | Case number | 17-03264 |
|---|---|---|---|

**$1026.00** per **Month** for **41** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

- [✓] The debtor will make payments pursuant to a payroll deduction order.
- [ ] The debtor will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

- [✓] The debtor will retain any income tax refunds received during the plan term.
- [ ] The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

- [✓] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**Part 3:    Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- [ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- [ ] **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

*Insert additional claims as needed.*

- [✓] **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

| Debtor | Raymond Ellis Brown, III | Case number | **17-03264** |
|---|---|---|---|
| | Brenda Kay Brown | | |

☐     **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed*

☐     **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2**     **Request for valuation of security and modification of undersecured claims.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐     The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

*Insert additional claims as needed.*

**3.3**     **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐     **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑     The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **Badcock Furniture** | **Bedroom furniture** | **$1,145.67** | **5.25%** | **$22.00** (or more) <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |
| **Security Fin** | **Secured; tv; saw; lawnmower, etc** | **$1,351.60** | **5.25%** | **$26.00** |

| Debtor | Raymond Ellis Brown, III<br>Brenda Kay Brown | | Case number | 17-03264 |
|---|---|---|---|---|

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| | | | | (or more)<br><br>Disbursed by:<br>☑ Trustee<br>☐ Debtor |
| **Title Max of SC** | **2002 Ford Taurus 147,865 miles<br>VIN: 1FAFP55222A224807<br>value based on NADA clean retail value<br>2002 Ford Taurus 4dr Sdn SES Standard FFV FWD V6 eng** | **$1,293.96** | **5.25%** | **$25.00**<br>(or more)<br><br>Disbursed by:<br>☑ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| 1st Franklin Financi<br><br>**ordinary household goods** | **$1,227.00** | **$0.00** | S.C. Code Ann. § 15-41-30(A)(3)$1200.00 | **$1,200.00** | **$0.00** | 100% |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |

| Debtor | Raymond Ellis Brown, III<br>Brenda Kay Brown | | | | Case number | 17-03264 | |

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided | |
|---|---|---|---|---|---|---|---|
| Danny Welch<br>2281 Red Doe Road Florence, SC 29506 Florence County tax map 000309-01-145 | $1227.00 | $68,012.00 | S.C. Code Ann. § 15-41-30(A)(1) $52,000.00 | $53,161.00 | $0.00 | | 100% |
| World Finance Corporation<br>ordinary household goods | 719.00 | $1,227.00 | S.C. Code Ann. § 15-41-30(A)(3) $1200.00 | $1,200.00 | $0.00 | | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

*Insert additional claims as needed.*

3.5     Surrender of collateral.

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
☑ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of Creditor | Collateral |
|---|---|
| Chrysler Capital | 2013 Dodge Ram; vountarily surrendered |
| Santander Consumer USA | repo'd 2013 dodge ram |
| Title Max of SC | 2000 Ford F150 279,402 miles<br>VIN: 1FTRX17LXYNC31303 |

*Insert additional claims as needed.*

**Part 4:     Treatment of Fees and Priority Claims**

| Debtor | Raymond Ellis Brown, III | Case number | **17-03264** |
|---|---|---|---|
| | Brenda Kay Brown | | |

**4.1** **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

**5.1** **Nonpriority unsecured claims not separately classified.** *Check one*

| Debtor | Raymond Ellis Brown, III  Brenda Kay Brown | Case number | 17-03264 |
|---|---|---|---|

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

- [✓] The debtor estimates payments of less than 100% of claims.
- [ ] The debtor proposes payment of 100% of claims.
- [ ] The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:  Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- [ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
- [✓] **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| Big Lots | beds for grandchildren; collateral for Big Lots debt | $164.67 | $0.00 | $0.00 |

(or more)

Insert additional claims as needed.

## Part 7:  Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

- [✓] Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

- [ ] **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8:  Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
- [ ]

| Debtor | Raymond Ellis Brown, III  Brenda Kay Brown | Case number | 17-03264 |
|---|---|---|---|

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

### 8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| Carrington Mortgage Service. Llc PO Box 3489 Anaheim CA 92803 | 2281 Red Doe Road Florence, SC 29506 Florence County tax map 000309-01-145 | $433.00  Escrow for taxes:  ☒ Yes  ☐ No  Escrow for insurance:  ☒ Yes  ☐ No | $15.00 Or more | $10,295.22 | $279.00 Or more |

### 8.1(b) Cure of post-petition mortgage delinquency.
The debtor's post-petition mortgage arrearage will be paid in full through disbursements by the trustee.

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Estimated amount of post-petition arrearage | Months being paid as post-petition arrearage | Monthly plan payment on post-petition arrearage |
|---|---|---|---|---|
| Carrington Mortgage Service. Llc PO Box 3489 Anaheim CA 92803 | 2281 Red Doe Road Florence, SC 29506  Florence County tax map 000309-01-145 | 2166.54 | November, 2018, December, 2018, January, 2019 | $51.00 Or more |

**\*** Unless otherwise ordered by the court, the arrearage will be calculated from the months listed above, with payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Mortgage Payment Change.

| Debtor | Raymond Ellis Brown, III | Case number | **17-03264** |
|---|---|---|---|
| | **Brenda Kay Brown** | | |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

### Part 9: Signatures:

**9.1   Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X    **/s/ Raymond Ellis Brown, III**              X    **/s/ Brenda Kay Brown**
**Raymond Ellis Brown, III**                              **Brenda Kay Brown**
Signature of Debtor 1                                             Signature of Debtor 2

Executed on    **December 14, 2018**               Executed on    **December 14, 2018**

X    **/s/ David C. Gaffney**                              Date    **December 4, 2018**
**David C. Gaffney 10112**
Signature of Attorney for debtor  DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
## District of South Carolina

In re: **Raymond Ellis Brown, III / Brenda Kay Brown**, Debtor(s)

Case No. **17-03264**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **December 18, 2018**, a copy of **the Motion to Modify Plan after Confirmation and the Modified Plan** were served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed on the attached CMECF mailing matrix.

/s/ David C. Gaffney
David C. Gaffney 10112
Gaffney Law Firm, P.A.
P.O. Box 3966
West Columbia, SC 29171-3966
803-781-0500 Fax: 803-454-9900
david@gaffneylawfirm.com

```
Label Matrix for local noticing      1st Franklin Financi              1st Franklin Financial Corporation
0420-3                                135 E Tugalo Street               PO Box 880
Case 17-03264-dd                      Toccoa GA 30577-2357              Toccoa, GA 30577-0880
District of South Carolina
Columbia
Tue Dec 18 14:38:26 EST 2018

Aargon Agency                         Badcock Furniture                 Big Lots
8668 Spring Mountain Rd               2522 David H McLeod Blvd          4900 E Dublin-Granville Rd
Las Vegas NV 89117-4132               Florence SC 29501-4040            Columbus OH  43081-7651


Brenda Kay Brown                      Raymond Ellis Brown III           CAROLINAS MEDICAL ALLIANCE INC C/O PASI
2281 Red Doe Road                     2281 Red Doe Road                 PO BOX 188
Florence, SC 29506-5642               Florence, SC 29506-5642           BRENTWOOD, TN 37024-0188


CHRYSLER CAPITAL                      Carrington Mortgage Service. Llc  Carrington Mortgage Services, LLC
P.O. BOX 961275                       Po Box 3489                       1600 South Douglass Road
FORT WORTH, TX 76161-0275             Anaheim CA 92803-3489             Anaheim, CA 92806-5951


Carrington Mortgage Services, LLC     Clerk of Court                    Convergent Outsoucing, Inc
1600 South Douglass Road, Suite 200A  Florence County                   Po Box 9004
Anaheim, CA 92806-5951                180 N Irby Street                 Renton WA 98057-9004
                                      Florence SC 29501-3456


Magalie A Creech                      Danny Welch                       Diversified Consultant
Finkel Law Firm LLC                   865 Bay Branch Road               Dci
1201 Main Street                      Lamar SC 29069-9345               Po Box 551268
Columbia, SC 29201-3294                                                 Jacksonville FL 32255-1268


EOS-CCA                               Financial Data Systems            David C. Gaffney
700 Longwater Dr.                     Attn: Managing Officer/Agent      Gaffney Law Firm, P.A.
Norwell MA 02061-1624                 1638 Military Cutoff Rd           PO Box 3966
                                      Wilmington NC 28403-5716          West Columbia, SC 29171-3966


IC Systems, Inc                       Internal Revenue Service (p)      K's Why Lease It
444 Highway 96 East                   Centralized Insolvency Operation  1750 Elm Street Suite 1200
St Paul MN 55127-2557                 PO Box 7346                       Manchester NH 03104-2907
                                      Philadelphia PA 19101-7346


McLeod Regional Medical Center        Merchants Ad                      OneMain
555 East Cheves Street                56 N Florida St                   Attn Bankruptcy
Florence SC 29506-2617                Mobile AL 36607-3108              601 Nw 2nd St
                                                                        Evansville IN 47708-1013


OneMain                               Optimum Outcomes, Inc             PEE DEE MEDICAL COLLECTIONS
PO Box 3251                           2651 Warrenville Rd Ste 500       PO BOX 1597
Evansville, IN 47731-3251             Suite 400                         FLORENCE, SC 29503-1597
                                      Downers Grove IL 60515-5559
```

| | | |
|---|---|---|
| PRA  Receivables Management LLC<br>POB 41067<br>Norfolk, VA 23541-1067 | Pee Dee Medical Collection Services<br>237 Warley Street<br>Florence SC 29501-4444 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Real Time Resolutions<br>1349 Empire Central Dr<br>Dallas TX 75247-4029 | Receivable Solutions Inc<br>800 Dutch Square Boulevard<br>Suite 140<br>Columbia SC 29210-7323 | S.C. Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 |
| SFC Central Bankruptcy<br>PO Box 1893<br>Spartanburg, SC 29304-1893 | Santander Consumer USA<br>Po Box 961275<br>Fort Worth TX 76161-0275 | Security Fin<br>Sfc Centralized Bankruptcy<br>Po Box 1893<br>Spartanburg SC 29304-1893 |
| Pamela Simmons-Beasley<br>250 Berryhill Road<br>Suite 402<br>Columbia, SC 29210-6466 | Tax Collector<br>Florence County<br>108 N Irby Street<br>Florence SC 29501-3434 | (p)TMX FINANCE LLC FORMERLY TITLEMAX<br>15 BULL STREET<br>SUITE 200<br>SAVANNAH GA 31401-2686 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | US DEPARTMENT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON WI 53708-8973 | Us Dept Of Ed/Great Lakes Higher Educati<br>Attn: Bankruptcy<br>2401 International Lane<br>Madison WI 53704-3121 |
| W.S. Badcock, Corporation<br>P.O. Box 724<br>Mulberry,FL 33860-0724 | World Finance Corp. c/o World Acceptance Cor<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 | World Finance Corporat<br>108 Frederick St<br>Greenville SC 29607-2532 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Portfolio Recovery<br>Po Box 41067<br>Norfolk VA 23541 | Title Max of SC<br>1416 South Irby St<br>Florence SC 29505 | (d)TitleMax of South Carolina, Inc. d/b/a Tit<br>15 Bull Street, Suite 200<br>Savannah, GA 31401 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Chrysler Capital<br>PO Box 961275<br>Fort Worth TX 76161-0275 | (d)Pamela Simmons-Beasley<br>250 Berryhill Road<br>Suite 402<br>Columbia, SC 29210-6466 | End of Label Matrix<br>Mailable recipients    47<br>Bypassed recipients     2<br>Total                  49 |